**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**CHRISTINA CHILDS,** )<br>)<br>**Defendant.** )<br>)<br>_____ ) | **Case No. 10-10043-02-JTM** |

## ORDER OF DETENTION PENDING TRIAL

On March 12, 2010 a detention hearing was conducted in accordance with the Bail Reform Act. 18 U.S.C. §3142(f). The hearing began on March 10, 2010 but was continued to permit further investigation regarding release alternatives. The Government appeared by and through Chad Sublet, Special Assistant United States Attorney. The defendant appeared in person and through appointed counsel, Carl Maughan.

The Government requested a detention hearing because this case involves circumstances described in 18 U.S.C. §3142(f)(1)(C), which is an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §801 et seq.; and 18 U.S.C. §3142(f)(2), namely, a serious risk that the defendant will flee or pose a danger to the community. In addition, defendant is charged with an offense under 18 U.S.C. §924(c). Defendant argues that conditions of release can be imposed which will allow defendant to be released on bond.

The Government's motion for detention is **SUSTAINED**. The following findings require the detention of the defendant pending trial in this case:

1. There is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §801 et seq. Accordingly, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

2. Based on her lack of criminal history, the defendant has rebutted the presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community. However, the Government has met its burden of proof as to risk of flight and danger to the community, and the following findings require detention of the defendant pending trial in this case.

    A. No condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community as required.

    B. All reasonable alternatives to detention have been considered, including residence with defendant's ex-sister-in-law, Judy Childs, GPS monitoring, and electronic monitoring.

In addition, the court considered the factors set out in 18 U.S.C. §3142(g) and specifically the following factors were established by clear and convincing evidence:

    a. Evidence suggests that defendant withheld relevant information at the time of her arrest, was vague during her interview with Pretrial Services, and has not been forthright regarding her property and financial resources.

    b. Defendant's ties to the community are tenuous.

    c. Defendant appears to have no financial resources.

    d. Defendant's plan of release to reside with Judy Childs is not a reasonable alternative to detention.

    e. Defendant is charged in the instant case with drug and firearm offenses which suggest danger to the community.

In addition, the court considered and adopted the recommendations contained in the Pretrial Services Report which are incorporated by reference herein.

Pursuant to 18 U.S.C. § 3145(b), defendant is hereby notified of his right to a review of the detention order by the District Judge assigned.

IT IS THEREFORE ORDERED that the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation

with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Dated at Wichita, Kansas, this 19th day of March, 2010.

                                  S/ Karen M. Humphreys
                                  KAREN M. HUMPHREYS
                                  United States Magistrate Judge